IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03243-MJW

JAMES WILLIAM HANKS,

Plaintiff,

v.

THE CITY OF RICHMOND, VA,
BROOKE PETTIT, *in her individual capacity*,
THE COMMONWEALTH'S ATTORNEY FOR THE CITY OF RICHMOND, VA,
PATRICIA TUCKER, *extradition specialist for the Commonwealth of Virginia*,
TERRY MCAULIFFE, *Governor of Virginia*,
JOHN HICKENLOOPER, *Governor of Colorado*, and
MITCH MORRISEY, *the Denver District Attorney, as agent of the State of Virginia*,

Defendants.

## ORDER DISMISSING CASE

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

According to the Amended Complaint filed in this Court, Plaintiff was recently arrested in Colorado and is (or was) pending extradition to Virginia. (Docket No. 4 ¶¶ 22-25.) Plaintiff alleges that Virginia has failed to provide discovery of the evidence supporting its extradition request (Docket No. 4 ¶¶ 26-31) and, in the prayer for relief, asks that the Court "[o]rder the state of Virginia to hand over all discovery related to the underlying alleged felony complaints against the Plaintiff" (Docket No. 4, p.13).

The Court *sua sponte* ordered Plaintiff to show cause why the case should not be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (Docket No. 6.) The parties have briefed the question (Docket Nos. 10 & 14), and the Court concludes that

2

the *Younger* abstention doctrine bars the Court from exercising subject-matter jurisdiction in this case.

The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Docket Nos. 16 & 17.) Accordingly, the Court hereby makes the Order to Show Cause absolute and dismisses the case under Rule 12(b)(1) and (b)(6).

## **Discussion**

### Injunctive Relief

The Tenth Circuit's leading case on *Younger* abstention is *Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160 (10th Cir.1999). There, the court laid out three elements to the *Younger* abstention doctrine:

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

*Id.* at 1163 (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir.1997)). "In considering these three conditions, this court must be sensitive to the competing tension between protecting federal jurisdiction and honoring principles of Our Federalism and comity." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 887-88 (10th Cir. 2009) (quotation marks omitted). "Critically, this court must keep in mind that abstention 'is the exception, not the rule,' and hence should be 'rarely . . . invoked, because the federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Id.* (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992)). "Nonetheless,

3

*Younger* abstention is non-discretionary . . . absent extraordinary circumstances, if the three conditions are indeed satisfied. *Id.*

It is hard to imagine a clearer case for *Younger* abstention: Plaintiff's Complaint literally asks this Court to intervene in ongoing state criminal proceedings, to compel certain conduct by the prosecutor. And indeed, Federal courts have uniformly followed the edict of *Younger* and abstained from enjoining extradition proceedings—whether the request is to enjoin the demanding state, *see, e.g.*, *Strickland v. Wilson*, 399 F. App'x 391, 396–97 (10th Cir. 2010); *Presley v. South Carolina*, 2013 WL 6193361, at *5–6 (D. S.C. Nov. 26, 2013); *Barnett v. Clark*, 2007 WL 1231672, at *7 (E.D. Tenn. Apr. 25, 2007), or to enjoin the asylum state, *see, e.g.*, *Rodgers v. Fallin*, 2013 WL 149716, at *4 & n.4 (W.D. Okla. Jan. 14, 2013); *Ray v. Paterson*, 2008 WL 1752244, at *1–2 (S.D. N.Y. Apr. 14, 2008). *But see DeGenna v. Grasso*, 413 F. Supp. 427, 430–32 (D. Conn. 1976) (declining to abstain and resolving due process claim on the merits).

First, it cannot be disputed that Colorado's extradition proceedings under the Uniform Criminal Extradition Act constitute ongoing state proceedings. Moreover, the proceedings are related to Virginia's ongoing criminal proceedings, which have begun with the filing of some indictment or criminal complaint underlying its extradition request. Plaintiff's case implicates both States' proceedings, asking this Court to compel Virginia to disclose its criminal evidence for use in Colorado's extradition proceedings.

Second, the implicated States provide adequate grounds to vindicate Plaintiff's right to see the evidence against him. In Virginia, presumably, he will receive discovery in the normal course of the criminal proceedings. In Colorado, he has the right to an

extradition hearing at which, if he requests it, the court will set a reasonable time within which he can bring a state habeas claim to challenge the legality of his extradition. C.R.S. § 16-19-111. In that state habeas proceeding, he would have the right to contest "1) the technical sufficiency of the extradition documents, 2) the identification of the accused, 3) whether the accused has been substantially charged with a crime, and 4) whether the accused is a fugitive from justice." *Pruett v. Barry*, 696 P.2d 789, 791 (Colo. 1985). The governor's extradition warrant would be admitted against him and would raise a presumption of facts warranting extradition. *Luker v Koch*, 489 P.2d 191, 192 (Colo. 1971); *Goeschel v. Cronin*, 586 P.2d 664, 665 (1978). Plaintiff would be able introduce his own evidence in an attempt overcome that presumption, by clear and convincing evidence. The state may or may not wish to put on any further evidence to rebut Plaintiff's case—if it did, presumably, it would need to disclose any such evidence to Plaintiff ahead of the hearing, pursuant to the normal course of civil litigation. Certain due process safeguards would be available to Plaintiff in this proceeding: he could challenge his competency to assist with the extradition proceedings, *Pruett*, 696 P.2d 791–93; he could cross-examine the witnesses identifying him as the accused, *Denbow v. Williams*, 672 P.2d 1011, 1014 (Colo. 1983); he could be represented by counsel, *see* C.R.S. § 16-19-111, and so on.

      It is true that he would not, in all likelihood, be able to compel Virginia to disclose all of its evidence against him *for purposes of Colorado's extradition hearing.* But Due Process does not require that Colorado adjudicate the merits of the underlying criminal claim. Indeed, the U.S. Constitution forbids it. *See Michigan v. Doran*, 439 U.S. 282,

288–90 (1978); *see also* C.R.S. § 16-19-121 (statutory prohibition). The foregoing process is sufficient to adjudicate the limited issues that can be raised in an extradition hearing; to the extent Plaintiff believes the Constitution demands more, he is simply wrong.[1]

Finally, as to the third element of *Younger* abstention, it cannot be disputed that the proceedings involve important state interests. On Virginia's side of the proceedings, its interest in controlling its own criminal justice system is the very interest that originally justified the *Younger* doctrine. And, although Plaintiff doesn't seek to enjoin Colorado, it too has an important interest in maintaining the regularity of the extradition system.

---

[1] Plaintiff is also mistaken on what he needs to prove. He argues repeatedly that he needs Virginia's evidence so he can prove that he wasn't present in Virginia at the time of the alleged offense. But as noted above, he is only allowed to challenge the regularity of the paperwork, his identification as the named accused, whether he has been charged with a crime in the demanding state, and whether he is a fugitive. *Pruett*, 696 P.2d at 791.

The cases Plaintiff relies on—where the fugitive argued he wasn't present in the demanding state at the time of the alleged offense—are cases where the fugitive used that evidence to disprove identity or to prove that he wasn't a "fugitive" from the demanding state at all. *See, e.g.*, *Dressel v. Bianco*, 452 P.2d 756 (Colo. 1969). And at the time, "fugitive" meant actually committing the crime in the demanding state, then fleeing the state. *Wigchert v. Lockhart*, 166 P.2d 988 (Colo. 1946). This narrow understanding of "fugitive" has been long abandoned; whether or not Plaintiff's presence in Virginia is actually necessary for him to be a fugitive from Virginia's justice will depend on the nature of the charged crime. *Cf.* C.R.S. 16-19-107 (authorizing extradition of persons not present in the demanding state during the commission of the crime); *Presley*, 2013 WL 6193361, at *5–6 (extraditing when underlying crime was accomplished through interstate mail).

### Habeas Relief

Defendants argue that the *Younger* abstention doctrine would also bar this case if Plaintiff brought it as a habeas proceeding. Defendants misinterpret the case law, and it is worth a brief moment to set the record straight.

Defendants rely on *Strickland v. Wilson*, 399 F. App'x 391 (10th Cir. 2010), for their argument. There, a fugitive had been extradited from Wyoming to South Carolina. The Tenth Circuit held that the fugitive could not maintain a federal habeas claim against Wyoming because he was no longer in Wyoming's custody (thus mooting the point), *id.* at 395–96, and he could not maintain a federal habeas claim against South Carolina because of the *Younger* abstention doctrine, *id.* at 396–97. Defendants here argue that the *Younger* abstention doctrine barred habeas relief as to both states. This is incorrect; rather, the court specifically held that federal habeas relief *could have been available* as against the asylum state (Wyoming) if that state still had custody of the fugitive. *Id.* at 395 (citing *Gee v. Kansas*, 912 F.3d 414 (10th Cir. 1990)).

Here, the Complaint appears to allege that Plaintiff is still in Colorado's—the asylum state's—custody. Thus, contrary to Defendants' argument, federal habeas relief is theoretically available to Plaintiff under 28 U.S.C. § 2241. *Gee v. Kansas*, 912 F.3d 414 (10th Cir. 1990); *Michigan v. Doran*, 439 U.S. 282 (1978). That said, the availability of habeas relief does not save Plaintiff's cause, for two reasons.

First, the Court cannot construe Plaintiff's complaint as a habeas action because nothing in the complaint challenges Colorado's custody of Plaintiff. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("The fundamental purpose of a § 2241

7

habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."). Plaintiff asks only for an injunction compelling Virginia to disclose evidence. Plaintiff hasn't asked for his release from Colorado's custody—and this is, therefore, simply not a habeas case.

Second, even if Plaintiff did seek his release from Colorado's custody, he would be required to exhaust any available state remedies first. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489–90 (1973); *Green v. Simonet*, 19 F.3d 1443 (10th Cir. 1994); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Plaintiff has not alleged that he has tried and failed to get relief through that state habeas process, and he therefore couldn't qualify for federal habeas relief anyway.

### **Order**

For the foregoing reasons, it is hereby ORDERED that:

- the Order to Show Cause (Docket No. 6) is MADE ABSOLUTE;

- this case is DISMISSED pursuant to the *Younger* abstention doctrine and Fed. R. Civ. P. 12(b)(1);

- Defendants are AWARDED their costs under Fe. R. Civ. P. 54(d); and

- The Scheduling Conference set for February 3, 2015, at 10:00 a.m. is VACATED.

Dated: January 28, 2015          */s/ Michael J. Watanabe*
       Denver, Colorado          Michael J. Watanabe
                                 United States Magistrate Judge